UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-22099-CV-WILLIAMS

MICHAEL ST. HUBERT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**THIS MATTER** is before the Court on Michael St. Hubert's ("***St. Hubert***" or "***Movant***") Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (DE 1) ("***Motion to Vacate***"). Upon review of the Motion to Vacate, the record, and applicable law, and for the reasons stated on the record during the August 11, 2023 hearing, Movant's Motion to Vacate (DE 1) is **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **BACKGROUND**

        **A.  Criminal Case**

St. Hubert was charged in 2015 in a thirteen-count Indictment, which included two counts—Count 8 and Count 12—of using and carrying a firearm during and relating to a "crime of violence" and possessing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c). *United States v. St. Hubert*, 15-cr-20621-FAM (S.D. Fla. 2015) ("***Criminal Case***" and citations to the Criminal Case's docket, "***CDE***"). The alleged "crime of violence" in the first count (Count 8) was a substantive Hobbs Act robbery in

violation of 18 U.S.C. § 1951, and in the second count (Count 12) was an attempted Hobbs Act robbery in violation of that same statute. (CDE 1.) St. Hubert moved to dismiss Counts 2, 4, 6, 8, 10 and 12 of the Indictment, arguing that the charged crimes were not "crimes of violence" under either the elements or residual clause definitions in § 924(c)(3). (CDE 17.) However, St. Hubert's Motion to Dismiss was denied. (CDE 18.)

St. Hubert entered into a plea deal with the United States ("***Government***" or "***Respondent***"), in which St. Hubert agreed to plead guilty to Counts 8 and 12 of the Indictment and Respondent would dismiss Counts 1-7, 9-11, and 13 of the Indictment after sentencing. (CDE 31.) On February 16, 2016, Judge Moreno accepted the terms of the plea deal. (CDE 33.) St. Hubert pled guilty to Counts 8 and 12 of the Indictment, all "remaining counts [of the Indictment] [we]re dismissed on the motion of the government," and Judge Moreno sentenced St. Hubert to 84 months on the first § 924(c) conviction (Count 8), and a consecutive 300 months on the second (Count 12). (*Id.*)

St. Hubert appealed his conviction, arguing "Counts 8 and 12 of the indictment failed to charge an offense against the laws of the United States because Hobbs Act robbery and attempted robbery are not crimes of violence under § 924(c)(3)(A)," but the Eleventh Circuit affirmed his conviction, "conclud[ing] that St. Hubert's predicate offense of attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause." *United States v. St. Hubert*, 909 F.3d 335, 344, 352 (11th Cir. 2018). This § 2255 Proceeding ("***§ 2255 Proceeding***") followed.

### B. Section 2255 Proceeding and *Taylor*

On June 6, 2021, Movant filed a Motion to Vacate his convictions and sentences on both Counts 8 and 12 of the Indictment pursuant to 28 U.S.C. § 2255. (DE 1.) On July 10, 2021, the Government filed a Response in Opposition to the Motion to Vacate, arguing that St. Hubert's claims were procedurally barred because they were the same claims raised and rejected on direct appeal. (DE 6.) Thereafter, on August 6, 2021, the Court stayed the § 2255 Proceeding pending the Supreme Court's decision in *United States v. Taylor*. (DE 8.) The Court's Order made clear that the briefing—and, by extension, the § 2255 Proceeding—would reopen following the Supreme Court's decision in *Taylor*. (*Id.* ("The briefing schedule and further proceedings in this case are STAYED pending the Supreme Court's decision in *United States v. Taylor*. Movant's Reply to the government's Response will be due 30 days from the decision in *Taylor*.").)

On June 21, 2022, the Supreme Court issued its decision in *Taylor*, holding that attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of statutory definition of crime of violence under 18 U.S.C. § 924(c)(3)(A), as predicate for felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence. *United States v. Taylor*, 142 S. Ct. 2015 (June 21, 2022). *Taylor* expressly rejected (and abrogated) the Eleventh Circuit's holding in *St. Hubert*, 909 F.3d at 335. *Taylor*, 142 S. Ct. 2015.

On June 23, 2022, two days after the *Taylor* decision, St. Hubert filed his Reply (DE 9) ("**Reply**"), arguing that after *Taylor* there could no longer be a procedural bar to St. Hubert's challenge to his Count 12 conviction because *Taylor* was indisputably an

intervening change in controlling statutory law as to whether attempted Hobbs Act robbery is a qualifying "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A). Then, on November 21, 2022, St. Hubert filed a Supplement to his Motion to Vacate (DE 10) ("**Supplement**"), arguing that Count 8 should also be dismissed because *Taylor* abrogated *St. Hubert*'s "realistic probability" analysis and, under the element-by-element comparison mandated by *Taylor* for § 924(c), Hobbs Act robbery is categorically overbroad. The Government failed to file an opposition to the Reply or the Supplement.

The Court conducted a hearing on August 11, 2023. At that hearing, for the first time the Government cited to *Bousley v. United States*, 523 U.S. 614 (1998) and argued that, even in light of *Taylor*, St. Hubert's conviction must stand because he has not proved "actual innocence" as to all other counts charged in the Indictment.

II.     DISCUSSION

Count 12 of the Indictment charged St. Hubert with an **attempted** Hobbs Act robbery in violation of 18 U.S.C. § 1951. In light of *Taylor*'s holding that attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of statutory definition of crime of violence under 18 U.S.C. § 924(c)(3)(A), Movant's Motion to Vacate must be granted as to Count 12.

Respondent's argument to the contrary regarding "actual innocence" is untimely and unpersuasive. As set forth above, Respondent never filed any opposition brief since the Supreme Court decided *Taylor* (June 21, 2022) and Movant filed his Reply (June 23, 2022).[1] The Government's only submission is the initial Response in Opposition to the

---

[1] Even after the Court entered an Order setting a hearing on August 11, 2023 (entered August 2, 2023), the Government failed to file any opposition briefing.

Motion to Vacate (DE 6), which, of course, pre-dates *Taylor*. Therefore, Respondent's argument, which was raised for the first time at the hearing, is procedurally "abandoned." *See Grant v. Reed*, 2013 WL 2147798, at *3 (M.D. Fla. May 16, 2013) (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); *cf. Pecora v. Prime Sec. All., Inc.*, 2022 WL 19302229, at *7 (S.D. Fla. Mar. 3, 2022) ("Failure to respond to an argument . . . constitutes abandonment of that argument[.]).[2]

Even if the Court were to consider Respondent's argument on the merits, the argument improperly characterizes Movant's argument as procedurally defaulted. Movant's argument, which was raised on direct appeal and relies on an intervening change in law, is permissible. *See, e.g.*, *Davis v. United States*, 417 U.S. 333, 342 (1974) ("[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] upon showing an intervening change in the law." (alteration and quotation marks omitted)); *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) ("A defendant can overcome a procedural bar when, as here, there is an intervening change in law."). *Taylor*, the case constituting an intervening change in law here, conclusively holds that Count 12 of St. Hubert's Indictment is unconstitutional.

---

[2] At the hearing, the Government argued that it was not aware that it needed to file an opposition brief because the case was stayed. However, the language of the Court's Order staying the case made clear that briefing would be reopened following the *Taylor* decision, and that Movant's reply was due within thirty (30) days of the Supreme Court's decision. (*See* DE 8.) St. Hubert complied with the Court's Order and filed his Reply brief within the thirty (30) days permitted by the Court. (*See* DE 9.)

142 S. Ct. at 2015. Therefore, Count 12 of the Indictment cannot stand and Movant's Motion to Vacate should be granted in part. Given that St. Hubert has overserved the 7-year sentence that Judge Moreno imposed for Count 8—and that is the only conviction and sentence that can stand at this time—the Court finds that the appropriate remedy is for St. Hubert to be discharged from custody.[3]

### III.     CERTIFICATE OF APPEALABILITY

To merit a certificate of appealability ("**COA**"), the movant must make a substantial showing of the denial of a constitutional right and that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted)). Movant argues that, following *Taylor*, reasonable jurists could debate whether the Eleventh Circuit's holding in *St. Hubert* that substantive Hobbs Act robbery is categorically a "crime of violence" for purposes of § 924(c)(3)(A) under *Duenas-Alvarez*' "realistic probability" test remains good law. (DE 10 at 10–11.) Petitioner further argues the following:

> And if *St. Hubert*'s analysis in that regard has not survived *Taylor*, then matching elements-to-elements as now dictated by *Taylor*, after consideration of the Eleventh Circuit's pattern Hobbs Act robbery instruction, reasonable jurists could certainly at least "debate" at this time whether substantive Hobbs Act robbery is categorically overbroad vis-a-vis the "crime of violence" definition in § 924(c)(3)(A).

---

[3] Title 28 U.S.C. § 2255 establishes a two-step process for granting habeas corpus relief. "'First, the court must 'vacate and set the judgment aside.'" *See United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) (quoting 28 U.S.C. § 2255(b)). "'Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." *Id.*

(*Id.*) While, as set forth at the hearing, the Court disagrees with Movant's position as to Count 8 and denies his Motion to Vacate in that regard, the Court is persuaded that a COA shall issue.

## IV.     CONCLUSION

Upon an independent review of the Motion to Vacate, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. St. Hubert's Motion to Vacate (DE 1), as supplemented (DE 9; DE 10), is **GRANTED IN PART AND DENIED IN PART**.
    a. The Motion to Vacate as to Count 8 is **DENIED**.
    b. The Motion to Vacate as to Count 12 is **GRANTED**.
2. The Judgment (CDE 33) as to Count 12 is **VACATED**. The Court will separately enter an amended judgment in the Criminal Case. Upon issuance of the amended judgment, Movant Michael St. Hubert shall be **RELEASED** from custody.
3. As to the denial of the Motion to Vacate regarding Count 8, a Certificate of Appealability shall **ISSUE**.
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 11th day of August, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE